■ In the Matter of the Estate of MANFRED SAKEL, Deceased. RICHARD L. DAVISSON, Respondent; MARIANNE HARTLY, as Executrix of MANFRED SAKEL, Deceased, Appellant.— Decree, entered January 10, 1964, unanimously modified on the law, to grant respondent-appellant's motion for partial summary judgment dismissing the petition herein to the extent that the petition seeks compensation for services of petitioner previously compensated for in the payment made to John Harlan Amen as attorney appearing of record for the proponent and temporary administratrix; and decree otherwise affirmed, without costs. The petitioner, an attorney, who was engaged by Amen as counsel to perform certain work in the estate, furnished Amen his affidavit, verified December 4, 1959, stated to be in support of an application to the Surrogate's Court by the temporary administratrix for authority for payment of $25,000 to Amen on account of services rendered in connection with the temporary administration in the estate. The petitioner's affidavit

stated that he had devoted "approximately five hundred (500) hours of my time to attending to matters connected with the administration of the estate." The petitioner intended that these services rendered by him should be taken into consideration by the Surrogate's Court in its approval of the payment requested by Amen. The court rendered an order authorizing the payment, and, pursuant thereto, the temporary administratrix did pay to Amen the sum of $25,000 from estate funds. Thereupon, according to the petitioner's allegations, he sought payment from Amen of his "share of said fee" of $25,000 but Amen refused to pay him anything for his services, excepting a small sum on account. The payment to Amen must be considered as a discharge of the obligation of the estate, if any, to pay for petitioner's services to the extent by which they have been compensated by such payment. This is not the case for the application of the general rule that a principal must bear the loss where his agent misapplies or fails to pay over funds intended to pay the principal's creditor. (See *Reitz* v. *Krystofowicz,* 166 Misc. 814; 3 C. J. S., Agency, § 251.) Applicable, rather, is the general rule that a payment of a debt to one other than the creditor will be effectual to discharge the debt if the payment to the third person is directed to or consented to by the creditor. (See 70 C. J. S., Payment, § 4; 3 Am. Jur. 2d, Agency, §§ 106, 107, 125, 127, 130.) Thereby, the creditor makes the third person his agent to receive the payment for him. Here, the petitioner, by furnishing Amen with the affidavit of the petitioner's services, clothed Amen with the authority to receive the payment. Furthermore, Amen was authorized and directed by the decree of the court to receive payment on account of these services of the petitioner. The petitioner's acquiescence in the rendition of such decree and in the payment to Amen pursuant thereto estops him from claiming that the payment was ineffectual for the purpose intended, directed and made. The petitioner's claim embraces alleged services in addition to the 500 hours of services rendered prior to December 4, 1959, and allegedly compensated for by the payment of $25,000 to Amen. Of course, if the petitioner rendered such further services as an attorney in the employ of Amen, the petitioner has no direct claim therefor against the estate. Such a claim must rest on a contract of employment, express or implied, with the estate. (See 3 N. Y. Jur., Attorney and Client, § 84; 7 C. J. S., Attorney and Client, § 175.) The documentary evidence does furnish strong support for respondent-appellant's contention that the petitioner was employed by Amen rather than by the estate, but the statements of and proofs presented by petitioner do raise an issue of fact. Consequently, the respondent-appellant is not entitled to summary judgment dismissing petitioner's claim in its entirety. Settle order on notice. Concur — Botein, P. J., Valente, Stevens, Eager and Steuer, JJ.